# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SMITH,     )
    Petitioner,   )  Civil Action No. 13-5 Erie
         )
   v.      )  Chief District Judge Sean J. McLaughlin
         )  Magistrate Judge Susan Paradise Baxter
BOBBY MEEKS,     )
    Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Robert Smith, be denied.

## II. REPORT

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution, McKean. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992), has erred in computing his federal sentence.

### A. Relevant Statutes and Policies

Two statutes are relevant to this case. The first is 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences. The second is 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence

1

("PS 5160.05"). BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in <u>Chevron U.S.A. v. National Resources Defense Council</u>, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. <u>Blood v. Bledsoe</u>, 648 F.3d 203, 207-08 (3d Cir. 2011) (citing <u>Reno</u>, 515 U.S. at 61), <u>cert.</u> <u>denied</u>, 132 S.Ct. 1068 (2012).

### 1.      Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. <u>See</u>, <u>e.g.</u>, <u>Ruggiano v. Reish</u>, 307 F.3d 121, 126 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) cmt. n.3(E) (2003). Because the statute provides that a sentence commences when an inmate is produced or received for service of his federal sentence, *the BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served.* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). <u>See</u>, <u>e.g.</u>, <u>Rashid v. Quintana</u>, 372 F.App'x 260, 262 (3d Cir. 2010) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing <u>Unites States v. Labeille-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998), which

stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. At common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires

and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. <u>George</u>, 463 F.App'x at 138 n.4.

The BOP has incorporated the common law primary custody doctrine into its policies. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; <u>see</u> <u>also</u> PS 5160.05, Pages 2-12.

If, however, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. This is what occurred in Petitioner's case.

4

### 2. Calculation of Pre-Commencement Credit

Section 3585(b) governs pre-commencement credit (commonly known as prior custody credit). It controls whether an inmate is entitled to any credit against his federal sentence for time he served in official detention prior to the date his federal sentence commenced. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)     as a result of the offense for which the sentence was imposed; or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant pre-commencement credit under § 3585(b) for any time that has been credited against another sentence. See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001), *abrogated in part on other grounds by statute*; United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has created limited exceptions to § 3585(b)'s rule against double credit in accordance with the decisions in Willis v. United States, 438 F.2d 923 (5th Cir. 1971) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). Those exceptions will be discussed below.

### B. Relevant Factual Background

On December 8, 2007, Petitioner was arrested by the Syracuse, New York Police Department, with assistance from New York State Parole officers, for possession of a firearm and possession with

intent to distribute cocaine base. On that same date, he also was arrested on a warrant for a New York State Parole Violation. [Resp's Ex. 2, Declaration of Robert C. Jennings at ¶ 3, ECF No. 10-4 at 2-3]. He was detained in the Onodaga County Justice Center in Syracuse, New York. See ECF No. 4 in United States v. Robert Smith, Docket No. 5:08-cr-295 (N.D. N.Y) (available on PACER).

On or around March 17, 2008, a criminal complaint was filed against Petitioner in the U.S. District Court for the Northern District of New York (hereinafter "the District Court") at Docket Number 5:08-cr-295 and a warrant for his arrest was executed. See ECF Nos. 1 & 2 in United States v. Robert Smith, Docket No. 5:08-cr-295 (N.D. N.Y). Because state/local authorities had arrested Petitioner first, the State of New York and the federal government considered him to be in the primary custody of the State of New York. On or around March 20, 2008, a U.S. Magistrate Judge issued a writ of habeas corpus *ad prosequendum* upon the Onodaga County Justice Center so that Petitioner could appear before the District Court to answer his federal charges. See ECF No.4 in United States v. Robert Smith, Docket No. 5:08-cr-295 (N.D. N.Y). A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano, 307 F.3d at 125 n.1. The receiving sovereign (in this case, the federal government) is considered simply to be "borrowing" the prisoner from the sending sovereign (in this case, the State of New York) for the purposes of indicting, arraigning, trying, and sentencing him. Id.

On June 4, 2008, an Indictment was filed in the District Court at Docket Number 5:08-cr-295 charging Petitioner with the following two counts: (1) possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B); and, (2) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He subsequently entered a plea of guilty on both counts. See ECF No. 7 in United States v. Robert Smith, Docket No.

5:08-cr-295 (N.D. N.Y). On May 5, 2009, the District Court sentenced him to a total term of 120 months' imprisonment to "be served concurrently with any time you receive on your pending New York State Parole violation." [Resp's Ex. 2c, ECF No. 10-7 at 3].

After his federal sentencing hearing, the U.S. Marshals Service returned Petitioner to state authorities in satisfaction of the federal writ of habeas corpus *ad prosequendum*. The state charges of possession of a firearm and possession with intent to deliver cocaine base had been dismissed on April 2, 2008, but Petitioner still had to face the pending state parole violation charges. Following his violation hearing, Petitioner's parole was revoked. He was given credit against his state sentence for all of the time he had served in either state or federal custody from the date of his arrest on December 8, 2007. [Resp's Exs. 2e & 2g, ECF No. 10-9 at 2, ECF No. 10-11 at 2-3]. On December 8, 2009, the state paroled Petitioner and he was released to the U.S. Marshals Service to continue service of his federal sentence in a federal correctional facility. [Resp's Ex. 2, Jennings Dec. ¶¶ 5-8, ECF No. 10-4 at 3-4].

The BOP computed Petitioner's federal sentence to have commenced under 18 U.S.C. § 3585(a) on May 5, 2009, which is the date the District Court imposed the sentence. The BOP also determined that Petitioner was not entitled to any pre-commencement credit under 18 U.S.C. § 3585(b) because all of the relevant time was credited against his state parole violation sentence. The BOP further determined that Petitioner was not entitled to any Willis or Kayfez credits. Petitioner's projected release date is currently set at January 19, 2018. [Resp's Ex. 2, Jennings Dec. ¶¶ 9-10, ECF No. 10-4 at 4. See also Resp's Ex. 1a, ECF No. 10-2 at 3-4].

In this habeas corpus action, Petitioner challenges the BOP's sentence calculation and contends that he is entitled to additional credit against his federal sentence for time he served on his state sentence. He raised this same challenge through the BOP's administrative remedy process. In a response

dated August 3, 2011, Harrell Watts, the BOP's Administrator, National Inmate Appeals, explained to

Petitioner why he was not entitled to additional sentencing credit:

> A review of your record reveals that you were arrested on December 8, 2007, by Syracuse New York Police officers and New York State Parole Officers. On March 18, 2008, you were temporarily released to the U.S. Marshals Service pursuant to a federal writ. On May 5, 2009, you were sentenced in the U.S. District Court for the Northern District of New York, to a 120-month term of confinement…. This sentence was ordered to run concurrently to your pending New York State Parole Violation. After proceedings, you were returned to state officials in New York.

> In October of 2009, your New York state parole was revoked and you were ordered to serve the remainder of your original New York state sentence. On December 8, 2009, you were paroled from your New York state term to federal authorities to serve the remainder of your federal sentence.

> Your 120 month federal sentence was calculated to commence on the date it was imposed, May 5, 2009, thereby effecting concurrent service of your state and federal terms. P.S. 5880.28, <u>Sentence Computation Manual New Law/CCA</u>, page 1-13 states that, "In no case can a federal sentence of imprisonment begin earlier than the date on which it was imposed." Program Statement 5880.28, states in part, time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting pre-sentence time. The federal court merely borrows the prisoner under the provisions of the writ for secondary custody.

> Prior custody credit is governed by Title 18 U.S.C. § 3585(b), which prohibits the application of credit toward a federal sentence that was applied toward another sentence, or for time spent in the service of another sentence. In your case, the time you are requesting represents time you spent in service of your New York state term.

> In accordance with case law, <u>Willis v. U.S.</u>, 438 F.2d 923 (5th Cir. 1971), when state and federal sentences are concurrent, and the state raw full term date is absorbed by the federal full term date, resulting in no benefit for the credits applied to the state sentence, prior custody credit is then given for all qualified state presentence time from the date of the federal offense until the day before the first sentence begins to run, federal or non-federal. A parole violation sentence, however, is not considered "Qualified State Presentence Time" for "<u>Willis</u>." The time you are requesting was time spent in service of your state parole violation.

> Your sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

[ECF No. 6-1 at 2-3].

Respondent has filed his Answer [ECF No. 10] to the petition and Petitioner has filed a Reply [ECF No. 11]. Accordingly, this case is now ready for review.

### C.     Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider Petitioner's claim that the BOP has erred in computing his sentence.

### D.     Discussion

The first question before the Court in a case such as this is: did the BOP properly calculate May 5, 2009, as the date upon which Petitioner's federal sentence commenced under 18 U.S.C. § 3585(a)? If it did, the second question is: can this Court disturb the BOP's determination that Petitioner was not entitled to any pre-commencement credit? As previously noted, the BOP has established policies about how it applies the relevant statutes (§ 3585(a) and (b)), and those polices are entitled to "some deference" from this Court so long as they set forth a permissible construction of the statutes. Blood, 648 F.3d at 208 (citing Reno, 515 U.S. at 61).

**1.    The BOP did not err in determining that Petitioner's federal sentence commenced on May 5, 2009**

Petitioner's argument that he is entitled to additional sentencing credit centers upon his contention that the State of New York relinquished primary custody over him when the state charges of possession of a firearm and possession with intent to deliver cocaine base were dismissed on or around April 2, 2008. [See ECF No. 6 at 3-8]. He argues that when those charges were dismissed, he was transferred into the primary custody of the federal government (who already had obtained physical custody of him in March of 2008 pursuant to the writ of habeas corpus *ad prosequendum*). As a result, he claims, any time he served in either state or federal physical custody must be credited against his federal sentence because those state charges were dismissed.

Guided by the Petitioner's framing of the issues presented, Respondent counters that the State of New York did not relinquish primary custody over Petitioner on or around April 2, 2008, because he also had been arrested by state/local officials on December 8, 2007, on a warrant for violating his parole and that charge was still pending against him when his other state charges were dismissed. Therefore, Respondent argues, the State of New York did not relinquish primary custody over Petitioner until it released him on parole to federal authorities on or around December 8, 2009. [See ECF No. 10 at 4-6].

The Court agrees with Respondent that Petitioner has not established that the State of New York relinquished primary custody over him when he claims it did. He was arrested on December 8, 2007, on a warrant violating his parole, and that charge was not dismissed on or around April 2, 2008, when the other state charges were. Therefore, Petitioner remained in the primary custody of the State of New York. That is why federal authorities returned him to state officials after his May 5, 2009, federal sentencing. He remained in state custody until on or around December 8, 2009, when he was paroled from his state sentence to federal authorities.

The Court notes, however, that the issue of which sovereign had primary custody over Petitioner after the state dismissed the charges of possession of a firearm and possession with intent to deliver cocaine base in April of 2008 is not as relevant to Petitioner's claim as he thinks it is. That is because, as previously explained, the primary custody determination affects the date upon which a federal sentence commences under § 3585(a), and Petitioner received the maximum credit under that statute that he possibly could have. The earliest date that his federal sentence could have commenced under any circumstances was on the date the District Court imposed it (May 5, 2009). Even if he had been in the primary custody of the federal government when his sentence was imposed (and he has not established that he was), his federal sentence would have commenced on May 5, 2009, and no earlier. See PS 5880.28, Chapt. 1, Pages 12-13.[1]

###     2.      Petitioner has not established that this Court can disturb the BOP's determination that he is not entitled to any pre-commencement credit

The real issue in this case is whether Petitioner has demonstrated that this Court can disturb the BOP's determination that he is not entitled to any credit for time served prior to the commencement of his federal sentence on May 5, 2009. All of the time he served in official detention from the date of his December 8, 2007, arrest, through May 4, 2009, was credited against his state parole violation sentence. Therefore, he cannot receive pre-commencement credit under § 3585(b), see, e.g., Rios, 201 F.3d at 272;

---

[1]     As set forth above, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition and, therefore, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13. If, as was the case here, the inmate was in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return custody of the inmate to the state, designate the state facility as the place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

Vega, 493 F.3d at 314, and his only hope to receive the relief he seeks is showing why he is entitled to qualified credit pursuant to Willis or Kayfez.

BOP policy provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." PS 5880.28, Chapt. 1 at Page 22. The BOP refers to these credits as "Willis time credits" after the decision that prompted the policy (Willis v. United States, 438 F.2d 923 (5th Cir. 1971)). Id. Pursuant to Willis, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal Raw Effective Full Term ("EFT") date is either the same or earlier than the federal raw EFT. Id. The Raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the sentence. PS 5880.28, Chapt. 1 at Page 14.

Respondent has attached to his Answer the Declaration of Robert C. Jennings, who is a Management Analyst with the BOP. Jennings's duties include auditing and reviewing inmate sentence computations. He explains why the BOP determined that Petitioner was not entitled to any Willis credit:

> Willis says that when state and federal sentences are concurrent, and the state raw full term date is absorbed by the federal full term date, resulting in no benefit for credits applied to the state sentence, prior custody credit is then given for all qualified state presentence time from the date of the federal offense until the day before the first sentence beings to run, federal or non-federal. A parole violation sentence, however, is not considered "Qualified State Presentence Time" for Willis. The state parole violation sentence is a continuing sentence, with the imposition date of April 4, 2004, which is prior to the federal offense date of December 8, 2007. The time the Petitioner is requesting was time spent in service of his state parole violation term. According, [Petitioner's] sentence does not qualify for presentence credit pursuant to Willis.

[Resp's Ex. 2, Jennings Dec. ¶ 10, ECF No. 10-4 at 4]. Jennings's explanation is consistent with that given to Petitioner by Harrell Watts, the Administrator National Inmate Appeals, in his August 3, 2011, administrative remedy response to Petitioner. [ECF No. 6-1 at 3].

Pursuant to <u>Kayfez</u>, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw EFT date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time,[2] is reduced to a date that is earlier than the federal raw EFT date. <u>See</u> PS 5880.28, Chapt. 1 at Pages 22B-24. Respondent explains that the BOP determined that Petitioner is not entitled to any <u>Kayfez</u> credit because the raw EFT date of his state sentence is not later than the raw EFT of his federal sentence. [<u>See</u> ECF No. 10 at 8].

Although Petitioner insists he should be given <u>Willis</u> or <u>Kayfez</u> credits [<u>see</u> ECF No. 11 at 4-5], Respondent has explained why the BOP's policies bar him from receiving such credits. Petitioner has provided this Court with no reason to decline to defer to the BOP's application of its policies to him. Accordingly, Petitioner's contention that he is entitled to any pre-commencement credit must be denied.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that that the petition for a writ of habeas corpus be denied.[3]

---

[2]      Qualified non-federal presentence time is the number of days between the date of nonfederal arrest and the date the first sentence (whether federal or non-federal) commences. <u>See</u> PS 5880.28, Chapt. 1 at Page 23.

[3]      Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). Therefore, no recommendation regarding a certificate of appealability is made.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 7, 2013

cc:     The Honorable Sean J. McLaughlin
        Chief United States District Judge